Hyman, O. J.
On the complaint of Maury & Co., that the Judge of the Fourth District Court of New Orleans, had rendered judgment quashing a previous order of the court, granting them a suspensive appeal from a judgment rendered against them in the suit styled Sibley Guion & Co. v. Fernie Brothers & Co., and ordering execution to be issued against them on the judgment, a writ of prohibition was issued forbidding the Judge and Sibley Guión & Co. from proceeding further on the judgment against complainants, Maury & Co., until the further order of this court.
. The grounds alleged for obtaining the writ are, that the jurisdiction of the District Court over the case of Sibley Guion & Co. v. Fernie Brothers & Co., as far as complainants are concerned, was divested by the suspensive appeal taken from the judgment in the case against them, and that the court had no legal grounds for quashing the order.
The answer states, and the record discloses, that the Judge quashed the order for the suspensive appeal, because of the insufficiency of the securities given by Maury & Co., for a suspensive appeal from the judgment.
The right of inquiring into the sufficiency of the security on an appeal bond, after it is given, is within the province of the court from which the appeal is taken. 19 L. R. 174.
The order of the Judge, which was in conformity to law, was, that a suspensive appeal be allowed Maury & Co., from the judgment against them, on their furnishing bond with good and sufficient security in the sum of seven thousand dollars, conditioned as the law directs, etc.
In examining whether Maury & Co. had furnished such security on the bond, the Judge came to the conclusion that they had not, as the securities on the bond, had not property worth $7,000.
The evidence conflicts; one of the securities, who was a witness, estimated his property to be worth more than twice the estimate fixed on it, by an expert appointed by the Judge to ascertain its value.
The Judge gave credence to the expert’s valuation of the security’s property.
He had a better opportunity of judging of the credibility of the witnesses than we have; besides, the testimony of the security shows want of accuracy in him. For instance; he stated that he thought he could *391 collect from debts owing him $3,000, yet the debts owing to him, according to a subsequent statement made by him, do not reach that amount.
The valuation of the expert of the property, shows that the securities given had not property equal in value to the amount of the bond.
The security given was insufficient, and the Judge had legal grounds for quashing the order for a suspensive appeal.
It is decreed that the writ of prohibition be set aside, and that these, proceedings be dismissed at the costs of the applicants.